UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DERRICK LEE SMITH,

           Petitioner,                      Case No. 2:25-cv-277

v.                                            Honorable Hala Y. Jarbou

JEFFREY HOWARD et al.,

           Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is granted leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is duplicative and frivolous.

**Discussion**

Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. He has filed dozens of habeas petitions in this Court and the United States District Court for the Eastern District of Michigan, including multiple previous iterations of the present petition, see *Smith v. Combs*, No. 1:25-cv-571 (W.D. Mich.); *Smith v. Combs*, No. 1:25-cv-877 (W.D. Mich.); *Smith v. Bonn*, No. 1:25-cv-949 (W.D. Mich.); *Cardello-Smith v. Mccauley*, No. 2:25-cv-10754 (E.D. Mich.); *Cardello-Smith v. Mccauley*, No. 2:25-cv-11317 (E.D. Mich.) *Cardello-Smith v. Combs*, No. 2:25-cv-11486 (E.D. Mich.); *Cardello-Smith v. Bonn*, No. 2:25-cv-11802 (E.D. Mich.); *Cardello-Smith v. Combs*, No. 5:25-cv-12198 (E.D. Mich.); *Cardello-Smith v. Howard*, No. 5:25-cv-13591 (E.D. Mich.), and one petition that is identical to the present petition, *Smith v. Howard*, No. 2:25-cv-270 (W.D. Mich.).

"Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342

U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint, or in this case the petition. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations, temporal circumstances and relief sought in the present petition and in *Smith v. Howard*, No. 2:25-cv-270 (W.D. Mich.), the Court concludes that the present action is duplicative. Therefore, pursuant to the Court's inherent power, upon the review required by Rule 4, Rules Governing § 2254 Cases, this action will be dismissed on the grounds that it is duplicative and frivolous.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack*, 529 U.S. at 473. *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons that the action is properly dismissed, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: December 29, 2025             /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE